IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff/Respondent, § | |
| § | |
| V. § | CRIMINAL ACTION NO. H-98-126-3 |
| § | CIVIL ACTION NO. H-13-854 |
| EFREN PATINO-PRADO, § | |
| § | |
| Defendant/Movant. § | |

## MEMORANDUM AND RECOMMENDATION
## GRANTING GOVERNMENT'S MOTION TO DISMISS

Before the Magistrate Judge in this federal habeas corpus proceeding pursuant to 28 U.S.C. § 2255 is Movant Efren Patino-Prado's "Application for Leave to File a Second or Successive Motion under 28 USC § 2255(h) and 6(3)" (Document No. 499), which has been construed as a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Document No. 184), and the Government's "Motion to Dismiss Movant's Motion under 28 U.S.C. § 2255 as Time-Barred; Alternatively, a Response and Motion to Dismiss Movant's Section 2255 Motion on the Merits" (Document No. 503). Having considered the § 2255 Motion to Vacate, Set Aside or Correct Sentence, the Government's Motion to Dismiss, the record of the proceedings before the District Court in the underlying criminal case, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that the Government's Motion to Dismiss be GRANTED, that Movant's § 2255 Motion to Vacate, Set Aside or Correct Sentence be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time barred.

I.  **Introduction and Procedural History**

Movant Efren Patino-Prado ("Patino-Prado"), who is currently in the custody of the United States Bureau of Prisons, is seeking federal habeas corpus relief under 28 U.S.C. § 2255. This is, despite the title of Patino-Prado's filing, Patino-Prado's first motion pursuant to § 2255.

On May 29, 1998, Patino-Prado was charged in a superseding indictment, along with several co-Defendants, with conspiracy to possess with intent to distribute marijuana and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 846. (Document No. 70). Patino-Prado was arrested on that offense on May 5, 2005 (Document No. 371), and proceeded to trial. On February 23, 2006, following a three day jury trial, Patino-Prado was found guilty. (Document No. 430). Thereafter, following the preparation of a presentence investigation report, to which Patino-Prado filed objections (Document Nos. 439 and 441), Patino-Prado was sentenced to 240 months confinement, to be followed by a three-year term of supervised release, and a $5000 fine. (Document No. 452). A Judgment of Conviction was entered on November 7, 2006. (Document No. 459).

Patino-Prado appealed his conviction and sentence to the Fifth Circuit Court of Appeals. In an unpublished opinion dated June 25, 2008, Patino-Prado's conviction and sentence were affirmed. (Document Nos. 49 & 492). Patino-Prado's petition for writ of certiorari was denied on October 6, 2008. (Document No. 496). Over four years later, on or about March 18, 2013,[1] Patino-Prado filed a document entitled "Application for Leave to File a Second or Successive Motion under 28 USC § 2255(h) and 6(3)" (Document No. 499). That application, in which Patino-Prado seeks relief under 28 U.S.C. § 2255, is construed as a § 2255 Motion to Vacate, Set Aside or Correct Sentence. The

---

[1] Patino-Prado's § 2255 motion was signed and dated October 18, 2013.

2

Government, in response, has filed a Motion to Dismiss, seeking dismissal of Patino-Prado's claims on limitations grounds, and alternatively on the merits, to which Patino-Prado has filed a Traverse in Opposition (Document No. 506). This § 2255 proceeding is ripe for ruling.

II. **Claims**

Patino-Prado raises one claim in his § 2255 motion: that his trial counsel was ineffective in connection with securing a favorable plea agreement. According to Patino-Prado, "during pre-trial proceedings [he] addressed counsel his intentions to plea, counsel admitted having approach [sic] by the prosecution with a favorable plea agreement. Shortly, before voir-dire counsel promised he will address the fact that Petitioner will accept the plea agreement and avoid going to trial. Counsel strategy to wait a little further in the proceedings prevented Petitioner to plea in a timely manner." § 2255 Motion (Document No. 499) at 7.

The Government, in its Motion to Dismiss, argues that Patino-Prado's § 2255 motion is time-barred, having been filed more than three years after Patino-Prado's conviction became final. In addition, the Government argues that Patino-Prado's § 2255 motion cannot be considered timely as having been filed within a year of the Supreme Court decisions in *Frye* and *Lafler*, because those decisions have not been made retroactively applicable to cases on collateral review.

III. **Discussion – Limitations**

28 U.S.C. § 2255 specifically provides for a one-year statute of limitations as follows:

(f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

3

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Here, Patino-Prado's conviction was final on October 6, 2008, when his petition for writ of certiorari was denied by the United States Supreme Court. He then had, under § 2255(f)(1), one year from October 6, 2008, until October 6, 2009, to file a timely § 2255 motion. Patino-Prado's § 2255 motion was not filed until March 2013, over three years too late.

As for the alternative commencement dates for the one year limitations period, provided for in § 2255(f) (2), (3), and (4), none is applicable. Patino-Prado's § 2255 motion cannot be considered timely under § 2255(f)(2) because he has not alleged that he was in any way impeded by Government action from filing a timely § 2255 motion. In addition, Patino-Prado's § 2255 motion cannot be considered timely under § 2255(f)(4) because Patino-Prado has not shown that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final. Patino-Prado's § 2255 motion also cannot be considered timely under § 2255(f)(3) – the limitation provision specifically relied upon by Patino-Prado in his initial filing – because Patino-Prado has not asserted a claim based on a right newly recognized by the Supreme Court that has been made retroactively applicable to cases on collateral review.

In *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 1408 (2012), the United States Supreme

4

Court held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. . . . When defense counsel allowed the offer to expire without advising the defendant or allowing him to consider it, defense counsel did not render the effective assistance the Constitution requires." *See also Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1387 (2012) ("If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it. If that right is denied, prejudice can be shown if loss of the plea opportunity led to a trial resulting in a conviction on more serious charges or the imposition of a more severe sentence."). While Patino-Prado relies on both *Frye* and *Lafler* for the ineffectiveness claim he raises in this § 2255 proceeding, no court has held, for purposes of the limitations provision in § 2255(f)(3), that *Frye* and/or *Lafler* are to be applied retroactively. Instead, in a related context, the Fifth Circuit has concluded that *Frye* nor *Lafler* did not announce "new rules of constitutional law," but "merely applied the Sixth Amendment right to counsel to a specific factual context." *In re King*, 697 F.3d 1189 (5th Cir. 2012); *see also Anthony v. Stephens*, No. 2:13-CV-045, 2013 WL 3486916 at *3 (N.D. Tex. 2013) ("Because neither *Lafler* nor *Frye* announced a newly recognized constitutional right, neither case qualifies under 28 U.S.C. § 2244(d)(1)(C) to act as the starting point for the one-year federal habeas corpus limitations period."); *Ortiz v. United States*, No. 12 Civ. 5236 (BMC), 2012 WL 5438938 (E.D.N.Y. 2012) (collecting cases in support of statement that "nearly every court to have addressed the issue has held that *Frye* did not create a new constitutional right to be applied retroactively to cases on collateral review").

Based on the Fifth Circuit's determination in *King*, Patino-Prado cannot show that the ineffectiveness claim he raises in this § 2255 proceeding is based on right "newly recognized by the

5

Supreme Court." He also cannot show that any right recognized in *Frye* and *Lafler* has been "made retroactively applicable to cases on collateral review." *See, e.g., In re Elwood*, 408 F.3d 211 (5th Cir. 2005) (holding that because the Supreme Court has not made *Booker* retroactive to cases on collateral review, successive § 2255 motions that are predicated on *Booker* are subject to dismissal). Patino-Prado's § 2255 motion cannot be considered timely under § 2255(f)(3).

In addition, while urged by Patino-Prado in his Traverse (Document No. 506), he is not entitled to equitable tolling of the limitations period. Rare and exceptional circumstances may warrant the application of equitable tolling principles to late-filed habeas corpus applications. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 199), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling, however, is not available if the petitioner does not act diligently in attempting to meet the one year limitations deadline. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057 (2000). Ignorance of the law, and "garden variety claims of excusable neglect" will not warrant the application of equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171-173 (5th Cir.), *cert. denied*, 531 U.S.1035 (2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.), *cert. denied*, 528 U.S. 1007 (1999); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002).

Here, equitable tolling is not available because Patino-Prado has neither alleged any rare or exceptional circumstances nor acted with diligence. The circumstances Patino-Prado points to are not rare or exceptional. While Patino-Prado claims he tried to get documents from his former attorneys but was stymied by them and could therefore not file a timely § 2255 motion, the letters and documents he has submitted show that his former attorneys provided him with their files in 2007 and 2009. Attachments to Patino-Prado's Traverse (Document 506-2) at pp. 2-5. Moreover, Patino-Prado has not identified what documents he needed in order to file a § 2255 motion, and indeed he

6

did not attach or refer to any documents in the § 2255 motion he did file. In addition, the record supports the conclusion that Patino-Prado did not act with diligence. *Frye* and *Lafler* were both decided on March 21, 2012, but Patino-Prado waited almost an entire year after *Frye* and *Lafler* were decided to file his § 2255 motion on March 18, 2013. There is no basis in the record for equitable tolling.

Finally, because Patino-Prado has made no showing of actual innocence, the actual innocence "gateway" for allowing consideration of otherwise time-barred claims, *see McQuiggin v. Perkins*, ___ U.S. ___, 133 S. Ct. 1924 (2013) is also not available.

Because Patino-Prado's § 2255 motion cannot be considered timely under § 2255(f)(1) - (4) and because there are no circumstances that would allow for the consideration of Patino-Prado's time-barred claim(s), the Government's Motion to Dismiss should be granted.

## IV. Conclusion and Recommendation

Based on the foregoing, and the conclusion that Movant Efren Patino-Prado's § 2255 Motion to Vacate, Set Aside or Correct Sentence was not timely filed under § 2255(f)(1)-(4) and that equitable tolling of the limitations period is not available, the Magistrate Judge

RECOMMENDS that the Government's Motion to Dismiss (Document No. 503) be GRANTED, that Patino-Prado's § 2255 Motion to Vacate, Set Aside or Correct Sentence (Document No. 499) be DENIED, and that this § 2255 proceeding be DISMISSED with prejudice as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file

written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 29th day of August, 2013.

FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE